# EXHIBIT B2

5/15/2019 10:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33583207
By: Nelson Cuero
Filed: 5/15/2019 10:53 AM

**2019-33634 / Court: 127**

CAUSE NO. _____

| | | |
|---|---|---|
| KRISTA MOORE | § § § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | § § § § | |
| **Defendant.** | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now KRISTA MOORE ("Plaintiff") and files this Plaintiff's Original Petition complaining STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Insurance Defendant") and respectfully shows as follows.

### DISCOVERY PLAN LEVEL 1

1. Plaintiff requests that this lawsuit be governed by Discovery Plan Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff, Krista Moore, is an individual resident of Oregon.

3. Defendant, State Farm Mutual Automobile Insurance Company, is a foreign company. It may be served with citation through its registered agent: Corporation Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701. **Service of citation is requested.**

### JURISDICTION AND VENUE

4. This court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this court. The Plaintiff seeks $100,000 in damages.

5. Venue is proper in Harris County, Texas because all or a substantial part of the events or omissions giving rise to the accident occurred in Harris County, Texas.

## FACTUAL BACKGROUND

6. On or around August 1, 2015, Plaintiff was a passenger in a vehicle that was struck by an uninsured driver driving an Escalade that ran a red light. Plaintiff was injured in the collision. Plaintiff suffered nerve damage in her arm that affects her ability to grasp objects. She also suffered bruises on her head, right hip and right knee.

7. Plaintiff was insured by Insurance Defendant. In bad faith, Insurance Defendant refused to pay the policy limits despite the fact that Plaintiff's damages exceed the policy limits.

## DECLARATORY RELIEF CLAIMS

8. Plaintiff incorporates all of the above paragraphs.

9. The uninsured driver had common-law and statutory duties to use ordinary care in the operation of his vehicle. He negligently breached those duties and that breach of duty proximately caused Plaintiff's injuries. Specifically, unknown driver was negligent in the following manner:

    a. Failing to keep a proper lookout;

    b. Failing to control the speed of his vehicle;

    c. Failing to timely apply his brakes to avoid a collision;

    d. Failing to follow and obey traffic signals;

    e. Running a red light;

    f. Operating a vehicle in a careless manner;

    g. Failing to keep a safe distance between his vehicle and the vehicle in front of him; and

      h. Failing to act as a reasonably prudent person using ordinary care in the same or similar circumstances.

10. Plaintiff was covered by an insurance contract written by Insurance Defendant.

11. Plaintiff was insured under the Insurance Defendant's contract and party to the Insurance Defendant's contract.

12. In this contract, Insurance Defendants agreed to pay Uninsured/Underinsured (UM/UIM) benefits of any bodily injury and property damage resulting from the motor vehicle collision sustained by a covered person.

13. These UM/UIM benefits are defined as those for which an injured covered person is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle.

14. Plaintiff was a covered person as defined by the Insurance Defendant's contract in question.

15. Uninsured Driver's vehicle was either uninsured or underinsured as defined by the insurance contract in question, as well as under Texas law, because there is no applicable third-party insurance coverage or Plaintiff's damages exceed any applicable third-party insurance coverage limits.

16. Plaintiff, because of bodily injuries resulting from a motor vehicle collision, has incurred damages that Plaintiff is legally entitled to recover from the owner or operator of the uninsured or underinsured motor vehicle in question, specifically, the vehicle driven by the uninsured driver.

## CAUSES OF ACTION AND RELIEF SOUGHT

23. Plaintiff incorporates all of the above paragraphs. Plaintiff asserts claims under

Chapter 37 of the Texas Civil Practice & Remedies Code to have Plaintiff's rights, status, and other legal relationships, under the Insurance Defendants' Contracts insuring Plaintiff, established by a court of competent jurisdiction.

24. Section 37.004(a) of the Texas Civil Practice & Remedies Code provides that "[a] person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

25. Section 37.004(b) of the Texas Civil Practice & Remedies Code further provides that "[a] contract may be construed either before or after there has been a breach."

26. Finally, §37.009 of the Texas Civil Practice & Remedies Code provides that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just."

27. Plaintiff seeks a declaration from the Court that the allegations set forth in paragraphs 8-16 and any paragraphs regarding damages are correct.

28. Plaintiff also seeks a declaration determining the amounts of Uninsured/Underinsured Motorist Coverage Benefits under the insurance contract in question to which Plaintiff is entitled to recover from Insurance Defendant after all applicable set-off and credits, for the damages described in this petition.

29. Plaintiff specifically requests that Plaintiff's right to collect Uninsured/Underinsured Motorist Coverage benefits under the insurance contract in question with Insurance Defendant be declared, and that it be declared that Plaintiff is entitled to recover said insurance proceeds,

–4–

notwithstanding the existence of other insurance of a different kind, specifically, but not limited to, health insurance, or that third parties may be responsible for damages suffered, except as specifically provided in the insurance contract in question, or under Texas law.

30. Plaintiff seeks recovery of costs and reasonable and necessary attorney's fees, past and future, as are equitable and just.

31. These attorney's fees, past and future, include those for representation through trial and the completion of the proceedings in the trial court, for representation through appeal to the court of appeals, for representation at the petition for review in the Supreme Court of Texas, for representation at the merits briefing stage in the Supreme Court of Texas, and for representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

32. All conditions precedent have been performed or have occurred.

33. Generally, "[a]n insured seeking the benefits of uninsured/underinsured motorist coverage may (1) sue the insurance company directly without suing the uninsured/underinsured motorist; (2) sue the uninsured/underinsured motorist with the written consent of the insurance company, making the judgment binding against the insurance company; or (3) sue the uninsured/underinsured motorist without the written consent of the insurance company and then relitigate the issue of liability and damages." *In re Koehm*, 86 S.W. 363, 368 (Tex.App.-Texarkana 2002, orig. proceeding).

34. As such, the Texas Uniform Declaratory Judgments Act (Chapter 37 of the Texas Civil Practice & Remedies Code) is the proper vehicle for seeking Uninsured/Underinsured Motorist coverage benefits. *See e.g., Accardo v. Am. First Lloyds Ins. Co.*, No. H-11-0008, 2012 WL 1576022 at *1-6 (S.D. Tex. May 3, 2012) (mem. op.) (allowing declaratory judgment for determination of

insurer's liability for UM/UIM damages); *Owen v. Emp'rs Mut. Cas. Co.*, No. 3:06-CV-1993-K, 2008 WL 833086 at *5 (N.D. of Tex. Mar. 28, 2008) (mem. op.) (allowing declaratory judgment action for determination of insurer's liability for UM/UIM damages); *Schober v. United Financial Mut. Auto. Ins. Co.*, No. 3:06-CV-1921-M, 2007 WL 2089435 at *1-5 (N.D. Tex. July 18, 2007) (mem. op.) (allowing apparent declaratory judgment action for determination of insurer's liability for UM/UIM damages).

## DAMAGES

35. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

    a. Pain and suffering,

    b. Mental anguish,

    c. Disfigurement,

    d. Disability and impairment,

    e. Medical damages,

    f. Economic damages, and

    g. Non-economic damages.

36. By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. Plaintiff also seeks exemplary damages.

## JURY DEMAND

37. Pursuant to Texas Rule of Civil Procedure 216, Plaintiff requests a trial by jury and would show that the appropriate fee is paid contemporaneously with the filing of this Petition.

## REQUESTS FOR DISCLOSURE

38.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and to all such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

O'HARA LAW FIRM

*Patrick O'Hara*

By: _____
PATRICK O'HARA
State Bar No.: 24060353
O'Hara Law Firm
14340 Torrey Chase Blvd., Suite 360
Houston, Texas 77014
Telephone: 281-919-2073
Facsimile: 281-783-2084
pjo@oharaattorney.com



**Marilyn Burgess**
HARRIS COUNTY DISTRICT CLERK
P.O. BOX 4651
HOUSTON, TEXAS 77210-4651

CERTIFIED MAIL

7018 2290 0001 3523 6513

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY
c/o Corporation Service Company
211 E. 7th St. Suite 620
Austin, Texas 78701